1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANSAR EL MUHAMMAD,                          No.  2:19-cv-01289-KJM-CKD P

12                   Plaintiff,

13         v.                                      ORDER

14    F. ORR, et al.,

15                   Defendants.

16    _____

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18    action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local

19    Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20         **I.      Screening Requirement**

21         The court is required to screen complaints brought by prisoners seeking relief against a

22    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

                                            1

1   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4   Cir. 1989); Franklin, 745 F.2d at 1227.

5        In order to avoid dismissal for failure to state a claim a complaint must contain more than

6   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

7   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

8   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

9   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

10  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

11  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

12  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

13  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

14  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

15  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

16  U.S. 232, 236 (1974).

17       **II.      Allegations in the Complaint**

18       Between August 28-31, 2018, plaintiff requested medical treatment from various medical

19  staff at Mule Creek State Prison for his "severely mis-shapen and swollen" right hand.  ECF No.

20  13 at 6.  Defendants Orr, Brinkley, Amaral, Kirkendall, Nahal, Arellano, Wong, and Perez

21  refused to examine his right hand or denied him access to a doctor or an x-ray of his hand

22  resulting in delayed treatment.  Plaintiff also alleges that defendants Justesen and Pandove further

23  delayed his treatment for 5 days in September 2018 after an x-ray confirmed that his right hand

24  was broken by completing a request for service form for an orthopedic evaluation at the prison

25  rather than utilizing a local emergency room for treatment.  ECF No. 13 at 17-18.  Defendant C.

26  Smith approved the request for an orthopedic evaluation that was ordered on September 6, 2018.

27  ECF No. 13 at 19-20.  The remaining defendants are supervisory staff at California Correctional

28  Health Care Services or are medical supervisors at Mule Creek State Prison who did not directly

2

1   treat plaintiff.  As a result of the delayed treatment, plaintiff contends that his right hand required

2   orthopedic surgery in order to properly align the bones in his hand with the use of screws and a

3   plate.  By way of relief, plaintiff seeks compensatory and punitive damages.

4   **III.    Legal Standards**

5   **A.  Eighth Amendment Deliberate Indifference to a Serious Medical Need**

6   Denial or delay of medical care for a prisoner's serious medical needs may constitute a

7   violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.

8   97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

9   deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

10  1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

11  Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

12  In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439

13  F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

14  grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

15  plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

16  condition could result in further significant injury or the 'unnecessary and wanton infliction of

17  pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

18  existence of an injury that a reasonable doctor or patient would find important and worthy of

19  comment or treatment; the presence of a medical condition that significantly affects an

20  individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

21  at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

22  Second, the plaintiff must show the defendant's response to the need was deliberately

23  indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

24  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

25  indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

26  which the inference could be drawn that a substantial risk of serious harm exists," but that person

27  "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

28  approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

1  showing of merely negligent medical care is not enough to establish a constitutional violation.

2  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A

3  difference of opinion about the proper course of treatment is not deliberate indifference, nor does

4  a dispute between a prisoner and prison officials over the necessity for or extent of medical

5  treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

6  (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of

7  medical treatment, "without more, is insufficient to state a claim of deliberate medical

8  indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

9  Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

10  prisoner must show that the delay caused "significant harm and that Defendants should have

11  known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

12        **B.  Linkage Requirement**

13        The civil rights statute requires that there be an actual connection or link between the

14  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

15  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

16  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

17  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

18  in another's affirmative acts or omits to perform an act which he is legally required to do that

19  causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

20  Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must

21  link each named defendant with some affirmative act or omission that demonstrates a violation of

22  plaintiff's federal rights.

23        **C.  Supervisory Liability**

24        Government officials may not be held liable for the unconstitutional conduct of their

25  subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)

26  ("In a § 1983 suit ... the term "supervisory liability" is a misnomer.  Absent vicarious liability,

27  each Government official, his or her title notwithstanding is only liable for his or her own

28  misconduct.").  When the named defendant holds a supervisory position, the causal link between

4

1  the defendant and the claimed constitutional violation must be specifically alleged; that is, a

2  plaintiff must allege some facts indicating that the defendant either personally participated in or

3  directed the alleged deprivation of constitutional rights or knew of the violations and failed to act

4  to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d

5  1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

6  **IV.    Analysis**

7  The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

8  screening, finds that it states a potentially cognizable Eighth Amendment deliberate indifference

9  claim against defendants Orr, Brinkley, Amaral, Kirkendall, Nahal, Arellano, Wong, and Perez.

10  However, plaintiff has not stated a claim for relief against any of the remaining defendants.  The

11  allegations against defendants Justesen, Pandove, and Smith demonstrate a difference of opinion

12  about the proper course of medical treatment which is not sufficient to state an Eighth

13  Amendment violation.  See Toguchi, 391 F.3d at 1058; Sanchez, 891 F.2d at 242.  The remaining

14  allegations against medical supervisors fail to state a claim based on respondeat superior liability.

15  See Fayle, 607 F.2d at 862 (finding that the director of the state health department could not be

16  vicariously liable for the acts of his subordinates).

17  Plaintiff may elect to proceed immediately on the Eighth Amendment deliberate

18  indifference claims against defendants Orr, Brinkley, Amaral, Kirkendall, Nahal, Arellano,

19  Wong, and Perez; or, in the alternative, he may elect to amend his complaint to attempt to cure

20  the deficiencies with respect to the remaining defendants.  See Lopez v. Smith, 203 F.3d 1122,

21  1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to

22  amend to correct any deficiency in their complaints).  If plaintiff chooses to proceed on the Eighth

23  Amendment claims found cognizable in this screening order, the court will construe this as a

24  request to voluntarily dismiss the remaining claims against defendants Lizzarraga, Rudas, Smith,

25  Justesen, Pandove, Kabir, Bal, Shirley, Robinson, Brockenborough, Toche, Mynhier, Tharratt,

26  Kanan, and Daye pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

27  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

28  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

1   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

2   specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

3   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

4   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

5   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

6   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7          Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

8   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

9   complaint be complete in itself without reference to any prior pleading.  This is because, as a

10  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

11  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

12  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

13  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

14         **V.     Plain Language Summary for Pro Se Party**

15         The following information is meant to explain this order in plain English and is not

16  intended as legal advice.

17         Some of the allegations in the complaint state claims for relief against the defendants, and

18  some do not.  You may choose to file an amended complaint to try to fix these problems.  You

19  must decide if you want to (1) proceed immediately on the Eighth Amendment deliberate

20  indifference claims against defendants Orr, Brinkley, Amaral, Kirkendall, Nahal, Arellano,

21  Wong, and Perez; or, (2) try to amend the complaint to fix the problems identified in this order

22  with respect to the remaining defendants.  Once you decide, you must complete the attached

23  Notice of Election form by checking only one of the appropriate boxes and return it to the court.

24         Once the court receives the Notice of Election, it will issue an order telling you what you

25  need to do next (i.e. file an amended complaint or wait for the defendants to be served with a

26  copy of the complaint).  If you do not return this Notice, the court will order service of the

27  complaint only on the claims found cognizable in this screening order and will recommend

28  dismissing the remaining claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff has the option to proceed immediately on the Eighth Amendment deliberate indifference claims against defendants Orr, Brinkley, Amaral, Kirkendall, Nahal, Arellano, Wong, and Perez; or, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining defendants.

2.  Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

3.  If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated:  August 31, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/muha1289.option.docx

7

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANSAR EL MUHAMMAD,

11        Plaintiff,                          No.  2:19-cv-01289-CKD

12   v.                                       NOTICE OF ELECTION

13   F. ORR, et al.,

14        Defendants.

15        **Check only one option:**

16   _____   Plaintiff wants to proceed immediately on the Eighth Amendment deliberate indifference

17   claims against defendants Orr, Brinkley, Amaral, Kirkendall, Nahal, Arellano, Wong, and Perez.

18   Plaintiff voluntarily dismisses the remaining defendants; **OR,**

19   _____   Plaintiff wants time to file a second amended complaint.

20

21

22   DATED:

23

24

25                                          _____
                                            Plaintiff
26

27

28

                                            8