UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSAR EL MUHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>F. ORR, et al.,<br><br>Defendants. | No. 2:19-cv-1289 KJM CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff has also filed a motion for an extension of time to respond to defendants' motion for summary judgment. See Houston v. Lack, 487 U.S. 266 (1988) (applying the prison mailbox rule). This motion was filed on the same day that the court granted plaintiff a 30-day extension of time. See ECF No. 47. Therefore, plaintiff's response is not due until June 11, 2021. As the deadline has already been extended, the court will deny plaintiff's motion as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 48) is denied without prejudice.
2. Plaintiff's motion for an extension of time to respond to defendants' motion for summary judgment (ECF No. 49) is denied as moot.

Dated: May 20, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/muha1289.31+eot(2).docx