UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSAR EL MUHAMMAD,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>F. ORR, et al.,<br><br>　　　　　　Defendants. | No.  2:19-cv-01289-KJM-CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

This case is proceeding on plaintiff's first amended complaint alleging that eight defendants employed at Mule Creek State Prison were deliberately indifferent to his serious medical needs for treatment for an injury to his right hand.  ECF No. 16 (screening order).

**I.    Plaintiff's Motion for a Temporary Restraining Order**

Plaintiff seeks an order preventing the CDCR and Mule Creek State Prison Warden, who are not parties to this action, from assigning defendant Orr to work in Facility A during the pendency of this case.  ECF No. 56.  According to plaintiff, defendant Orr began intimidating, threatening, and impeding his access to health care services on May 15, 2021 by not notifying medical staff when plaintiff reports for an appointment.  ECF No. 56 at 3.  Instead, defendant Orr,

1

while in an aggressive stance, scowled and stared at plaintiff. ECF No. 56 at 3. Plaintiff asserts that these actions were done in retaliation for the present lawsuit. Id. Since defendant Orr's supervisor failed to correct this behavior when it was reported, plaintiff has started declining all Facility A medical clinic appointments. Id. In the motion, plaintiff explains that defendant Orr has the opportunity to physically harm him and that this threat is "very real" based upon staff complaints filed by other prisoners. Id. at 6. Attached to the motion is a report from the Office of the Inspector General for the State of California released on February 2021 concerning CDCR's handling of inmates' allegations of staff misconduct. Id. at 24-30. Plaintiff also attached copies of grievances filed by other inmates against defendant Orr. Id. at 32-48.

Defendants filed an opposition to plaintiff's motion on October 28, 2021. ECF No. 57. According to defendants, plaintiff's motion does not demonstrate irreparable harm or a likelihood of success on the merits justifying a temporary restraining order. ECF No. 57 at 2. Specifically, defendants challenge the "unauthenticated hearsay grievances of other inmates [that plaintiff attached to his motion in order] to meet his burden." Id. at 3 (citing Bryant v. Romero, Case No. 1:12-cv-02074-DAD-DLB, 2016 WL 1222540 at * 4 (E.D. Cal. Mar. 29, 2016) (finding that complaints filed by other inmates are not relevant in determining whether defendant violated plaintiff's constitutional rights)). With respect to plaintiff's assertion of irreparable harm, defendants point out that "[t]he motion is silent as to what injury [p]laintiff suffers from because of alleged missed medical appointments." Id. at 5. Moreover, defendants point out that the requested injunctive relief is beyond the scope of the medical claim at issue in the amended complaint. Id. at 5. In such a situation, injunctive relief is not appropriate and should be denied when balancing all of the equities. Id. at 5-6.

In his reply, plaintiff asserts that defendant Orr has engaged in numerous incidents of staff misconduct and that such complaints are not properly investigated by CDCR. ECF No. 61. In support for this contention, plaintiff cites another civil rights lawsuit against defendant Orr involving an excessive force claim. See Wilson v. Orr, et al., Case No. 2:20-cv-01715-AC (E.D. Cal.). Plaintiff also addresses defendants' motion for summary judgment on the merits as part of his reply to the pending motion for a temporary restraining order.

### A. Legal Standards

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the Supreme Court's four-part Winter's standard. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing of one element to offset a weaker showing of another element). "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance, 632 F.3d at 1131-32 (citations omitted). Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal

3

Practice & Procedure § 2949 (2011)). The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

### B. Analysis

In his motion, plaintiff describes a single incident in May 2021 involving defendant Orr. While plaintiff attempts to reinforce his allegations by attaching additional complaints from other inmates against defendant Orr, this is not sufficient to demonstrate "a significant threat of irreparable injury" that would warrant injunctive relief. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). Plaintiff's motion is based on the mere opportunity of defendant Orr to cause harm to plaintiff based on his ongoing employment on Facility A. However, that is not the legal standard for obtaining a temporary restraining order. See Stormans, 586 F.3d at 1127. The undersigned finds that plaintiff has failed to demonstrate that the threat of physical or other injury to him is more than speculative. See Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) (stating that "[s]peculative injury does not constitute irreparable injury."). In the absence of a finding that plaintiff is likely to suffer irreparable harm, the court finds it unnecessary to address the remaining Winter factors justifying injunctive relief. Therefore, the undersigned recommends denying plaintiff's motion for a preliminary injunction.

### II.     Defendants' Motion for Summary Judgment

Defendants filed a partial motion for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies with respect to the Eighth Amendment claims against defendants Orr, Cooper[1], Nahal, Arellano, Wong, and Perez.[2] ECF No. 40. Specifically, defendants contend that plaintiff's only relevant health care appeal, Log Number MCSP-HC-18002560, did not identify defendants Cooper, Nahal, Arellano, or Wong by name, nor did it

---

[1] The waiver of service form filed on October 7, 2020 indicates that defendant Kirkendall now goes by the last name of Cooper. ECF No. 22. Therefore, the court will refer to this defendant as Cooper. To eliminate any confusion that remains, the court will direct the Clerk of Court to amend the docket to reflect this name change.

[2] There is no pending motion with respect to the Eighth Amendment deliberate indifference claims against defendants Brinkley and Amaral.

4

sufficiently describe their conduct to put the institution on notice that plaintiff was challenging their involvement. In a separately filed custody grievance, plaintiff asserted that defendant Orr failed to review or respond to an inmate request that plaintiff had submitted on October 17, 2018. Defendants Orr and Perez submit that plaintiff "was required to submit a custody grievance detailing the non-medical issue and the[ir] participation… with respect to his hand injury in August 2018." ECF No. 40-2 at 5. Since plaintiff did not submit, much less exhaust, any custody appeal, these defendants are entitled to summary judgment. Id. at 5.

In opposition to defendants' motion, plaintiff first asserts that Health Care Appeal Log No. MCSP-HC-18002560 satisfied the exhaustion requirement for his Eighth Amendment claims against all of the defendants identified in his amended complaint. ECF No. 52 at 3. This appeal adequately put CDCR on notice of the problem for which plaintiff sought redress, i.e., his hand injury. Specifically, plaintiff contends that each of the defendants "had personal contact with plaintiff, thus ample opportunity to provide medical assistance, evaluation, examination, X-rays, treatment and care…." ECF No. 52 at 15. Plaintiff additionally argues that he was not required to separately appeal the actions of non-healthcare staff, i.e. defendants Orr and Perez. ECF No. 52 at 2. Furthermore, plaintiff contends that at the time that he filed grievance number MCSP-HC-18002560, he did not have access to the information necessary to identify every CDCR staff member involved by name.³ Id. at 20.

By way of reply, defendants point out that CDCR regulations required plaintiff to name the individuals in his inmate grievance or to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identity the staff member(s) in question" if their identify was not known. ECF No. 53 at 3. In response to plaintiff's assertion that he could not identify certain defendants who he did not personally observe, "the lone relevant grievance does not… state that there were other individuals involved that he could not identify."

---

³ While plaintiff requests the court to stay resolution of the summary judgment motion pending further fact-based discovery, the court denies this request as the specific discovery requests pertain to unnamed Doe defendants. ECF No. 52 at 27-28. To the extent that the requested discovery concerns the job titles and/or posts of defendants Perez and Orr, the court deems this information irrelevant in resolving the issue of exhaustion for the reasons explained herein.

Id. Defendants also argue that Reyes v. Smith, 810 F.3d 654 (9th Cir. 2016), does not apply to the case at bar because plaintiff's health care grievance did "not suggest that additional medical officials were involved and would not suffice to put officials on notice that a defect might be present." ECF No. 53 at 4.

Plaintiff filed two separate sur-replies in opposition to defendants' motion for summary judgment. ECF Nos. 54-55. These filings are disregarded by the court because they were filed in contravention of the Local Rules. ECF Nos. 54-55; see Local Rule 230(l).

**III.   Legal Standards**

**A. Summary Judgment Standards Under Rule 56**

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials…." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed.

R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

**B. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust his administrative remedies before he commences suit. McKinney v. Carey, 311 F.3d

1198, 1199–1201 (9th Cir. 2002). Compliance with this requirement is not achieved by satisfying the exhaustion requirement during the course of a civil action. See McKinney, 311 F.3d 1198 (9th Cir. 2002). Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007). In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006).

In order to defeat a properly supported motion for summary judgment based on a prisoner's failure to exhaust pursuant to 42 U.S.C. § 1997e(a), plaintiff must "come forward with some evidence showing" that he has either (1) properly exhausted his administrative remedies before filing suit or (2) "there is something in his particular case that made the existing and generally available remedies unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5) (9th Cir. 1996)); Jones, 549 U.S. at 218. "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). If there is at least a genuine issue of material fact as to whether the administrative remedies were properly exhausted, the motion for summary judgment must be denied. See Fed. R. Civ P. 56(a).

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168-69. "If a motion for summary judgment is denied, disputed factual

8

questions relevant to exhaustion should be decided by the judge." Albino, 747 F.3d at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. Id. at 1171.

### IV. CDCR Administrative Grievance Process

Plaintiff does not dispute that defendants have met their initial burden of showing that an available administrative remedy exists. The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal "any policy, decision, action, condition, or omission by the department or its staff" that has a material adverse effect on the health, safety, or welfare of inmates. Cal. Code Regs. tit. 15, § 3084.1(a) (2018) (repealed June 1, 2020). In 2018, the year relevant to plaintiff's exhaustion, California regulations required that inmates pursue administrative grievances through three levels of review to exhaust their administrative remedies. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(d)(3) (repealed June 1, 2020). The level of specificity required in the appeal is described by regulation:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(3)–(4) (repealed June 1, 2020).

However, inmate health care appeals were processed slightly differently from non-health care appeals because there were only two levels of review required in order to exhaust an inmate's administrative remedies. Cal. Code Regs. tit. 15 § 3999.226(a)(1) (effective August 6, 2018); ECF No. 40-5 at 3 (Declaration of D. Azevedo). For health care grievances, inmates are still required to:

> document clearly and coherently all information known and

9

> available to him or her regarding the issue.  The grievant shall include any involved staff member's last name, first initial, title or position, and the date(s) and description of their involvement.  If the grievant does not have information to identify involved staff member(s), the grievant shall provide any other available information that may assist in processing the health care grievance.

Cal. Code Regs. tit. 15 § 3999.227(g)(effective August 6, 2018).

California prisoners are required to lodge their administrative complaint on a CDCR Form 602 HC for a health care matter or CDCR Form 602 for non-health care matters.  Cal. Code Regs. tit. 15, §§ 3084.2(a) (repealed June 1, 2020), 3999.227(a).  All grievances are required to be submitted "within 30 calendar days of:  (1) [t]he occurrence of the event or decision being appealed, or; (2) [u]pon first having knowledge of the action or decision being appealed…."  Cal. Code Regs. tit. 15 § 3084.8(b)(1),(2) (repealed June 1, 2020); see also Cal. Code Regs. tit. 15 § 3999.227(b) (providing same time limit for health care grievances).

### V.     Undisputed Material Facts

The court views the facts and draws all inferences in the manner most favorable to plaintiff as the non-moving party.  Unless otherwise indicated, the following facts are expressly undisputed by the parties or the court has determined them to be undisputed based on a thorough review of the record.

The events giving rise to the allegations in plaintiff's first amended complaint occurred in August 2018 when he requested treatment for a broken hand while an inmate at Mule Creek State Prison.  Defendants' Separate Statement of Undisputed Facts ("DSUF"), Nos. 1, 3.  At that time, defendants Amaral, Orr, Cooper, Nahal, Arellano, Wong, Brinkley, and Perez were all employed at MCSP.  DSUF No. 2.  In his amended complaint, plaintiff contends that defendant Orr prevented him from seeing a nurse or a doctor about his hand injury on August 28, 2018.  ECF No. 13 at 6 (first amended complaint).  Between August 29th and August 31, 2018, plaintiff further contends that defendants Brinkley, Amaral, Cooper, Wong, Arellano, Perez, Nahal and Orr also denied him treatment causing him to suffer additional pain and further injury due to delayed care.  ECF No. 13 at 8-15.  During this time period, plaintiff asserts that he made specific requests to have his hand examined or treated by defendants Brinkley, Amaral, Cooper, Wong,

Arellano, and Nahal, who all declined to do so.  ECF No. 13 at 8-15.

From August 2018 until the date that plaintiff filed the first amended complaint in April 2020, he filed five health care administrative appeals and eight custody administrative appeals. DSUF No. 8.  In the interests of judicial economy, the court limits its discussion to only those appeals which relate to the events in the first amended complaint.

### A. Health Care Appeal Log No. MCSP-HC-18002560

On September 10, 2018, plaintiff submitted a health care grievance that was assigned log number MCSP-HC-18002560.  DSUF No. 9.  On this HC 602 grievance form, plaintiff indicated that he sought emergency medical care on August 28, 2018 by asking custody officer Orr to ask a nurse or doctor to examine his hand.  ECF No. 40-5 at 17.  According to plaintiff's grievance, Nurse Brinkley responded and indicated that she could tell merely by looking at his hand that it was not broken and that he should come back in 2 weeks time if it was still swollen.  ECF No. 40-5 at 19.  Plaintiff's grievance form indicates that he returned to the medical clinic on August 30, 2018 when Nurse Amaral indicated that she would not see plaintiff because his hand was not broken.  ECF No. 40-5 at 19.  Defendants contend that this grievance only challenged the August 2018 care of Nurse Brinkley.  DSUF No. 9.

At the first level of administrative review, no intervention was taken in response to plaintiff's healthcare grievance.  ECF No. 40-5 at 21-23.  This grievance was reviewed by the second administrative level of review and no intervention was found necessary on February 20, 2019.  ECF No. 40-5 at 15-16 (Headquarters' Level Response).

### B. Custody Appeal Log No. MCSP-18-04616

On October 25, 2018, plaintiff submitted a non-medical grievance that was assigned log number MCSP-18-04616.  DSUF No. 14.  On this 602 grievance form, plaintiff challenged the lack of responsiveness of defendants Perez and Orr to CDCR 22 forms given to them on September 30, 2018 and October 17, 2018 by plaintiff.  ECF No. 40-4 at 19-21.   In the CDCR 22 forms, plaintiff requested formal interviews with custody staff as well as supervisory medical staff concerning the neglect for his medical emergency between August 28, 2018 and August 31, 2018.  ECF No. 40-4 at 27-28.  In the September 30, 2018 CDCR 22 form, plaintiff specifically

challenged the conduct of defendants Orr, Brinkley, Amaral, Cooper, and Wong in refusing him treatment for his right hand.  ECF No. 40-4 at 27.

This grievance was partially granted at the first level of administrative review on January 8, 2019.  ECF No. 40-4 at 23-24.  Plaintiff submitted this grievance to the second level of administrative review on January 14, 2019 which was granted, in part, on January 22, 2019.  ECF No. 40-4 at 16- 22.  The second level appeal response indicated that plaintiff could submit his grievance to the third level of administrative review if he desired to do so.  ECF No. 40-4 at 18.  Neither party submitted any evidence pertaining to this appeal's third level of administrative review.  See ECF No. 40-4 at nos. 3-4 (describing processing of non-medical grievances at the first and second levels only).

**VI.     Analysis**

The court finds that defendants have carried their initial burden of proving the availability of an administrative remedy.  Therefore, the burden shifts to plaintiff to come forward with evidence that there was something in his particular case that made the existing administrative remedies effectively unavailable to him or that he has otherwise properly exhausted his claims.  Williams v. Paramo, 775 F.3d at 1191.

Defendants emphasize the grievance requirement to identify the names of all staff members involved, but they fail to acknowledge plaintiff's inclusion of defendant Orr in Health Care Appeal Log No. MCSP-HC-18002560.  Instead, defendant Orr agues, without any citation to authority, that plaintiff was required to submit a non-healthcare grievance to properly exhaust any claim because Orr is a custody officer and not medical staff.  The court rejects this argument because the regulations pertaining to health care grievances require prisoners to identify "any involved staff member" and do not limit health care grievances to medical staff only.  See Cal. Code Regs. tit. 15 § 3999.227(g).  Plaintiff complied with this regulation with respect to defendants Brinkley, Amaral, and Orr by identifying their participation in delaying treatment for his hand injury.  Therefore, plaintiff has demonstrated that he properly exhausted his Eighth Amendment claim against defendant Orr.

However, the court finds that the undisputed material evidence shows that plaintiff did not

1  name or describe the actions of defendants Cooper, Nahal, Arellano, and Wong in health care
2  appeal number MCSP-HC-18002560.  Nor did plaintiff provide any indication that there were
3  other staff members present in the medical clinic whom he could not identify, but still failed to
4  treat his injury.  Absent such information, the appeal coordinator at the prison was not provided
5  sufficient information to respond to the failure to treat plaintiff's hand by defendants Cooper,
6  Nahal, Arellano, and Wong.  Compare Garraway v. Ciufo, Case No. 1:17-cv-00533-DAD-GSA-
7  PC, 2020 WL 1807343, at * 11 (E.D. Cal. March 4, 2020) (denying defendant's motion for
8  summary judgment based on BOP inmate's failure to name defendant in his administrative
9  appeals because "nothing in the federal regulations or on the grievance forms… require[]
10 [federal] inmates to name particular officials.").

11      Plaintiff's argument that his health care grievance adequately put CDCR on notice of all
12 the defendants with whom he had "personal contact" sweeps far too broadly in light of the
13 specific CDCR regulations requiring them to be identified.  The court also notes that this
14 argument by plaintiff is in obvious tension with his additional assertion that he did not have
15 access to the information necessary to identify every CDCR staff by name.  Plaintiff's personal
16 contact with these additional defendants would not have prevented him from being able to
17 identify them, or, at the very least, provide their physical description on the health care grievance
18 form.  Absent such information much less a reference to any wrongdoing by these additional
19 unnamed staff on the HC 602 grievance form, the court finds that plaintiff has not met his burden
20 of demonstrating proper exhaustion with respect to defendants Cooper, Nahal, Arellano, and
21 Wong.

22      Plaintiff's reliance on Reyes v. Smith, 810 F.3d 654 (9th Cir. 2016) is also unavailing
23 because it is distinguishable from the instant case.  In Reyes, the Ninth Circuit determined that
24 prison officials "plainly knew" that the Pain Management Committee's decision was being
25 challenged in plaintiff's grievance complaining about the denial of adequate pain medication
26 because the prison's grievance responses at every administrative level cited the Pain Management
27 Committee's decision.  Reyes, 810 F.3d at 659.  In this case, there is no decision by a medical
28 committee that plaintiff was complaining about in his health care grievance.  Nor do the

grievance responses suggest knowledge that plaintiff was complaining about the lack of treatment by every medical staff member with whom he came in contact with after injuring his hand. There is simply no evidence in the record demonstrating that the actions of defendants Cooper, Nahal, Arellano, and Wong were being challenged in health care appeal number MCSP-HC-18002560. Here, the record taken as a whole, could not lead a rational trier of fact to conclude that plaintiff exhausted his administrative remedies with respect to defendants Cooper, Nahal, Arellano, and Wong. See Matsushita, 475 U.S. at 587. These defendants have carried their burden of demonstrating the absence of a genuine dispute about plaintiff's failure to exhaust his administrative remedies as to the Eighth Amendment claims against them. Albino, 747 F.3d at 1172. For all these reasons, the court recommends granting the motion for summary judgment with respect to defendants Cooper, Nahal, Arellano, and Wong.

With respect to custody appeal number MCSP-18-04616, plaintiff's complaints against defendants Perez and Orr do not relate in substance to the allegations in the first amended complaint.[4] In appeal number MCSP-18-04616, plaintiff alleged that defendant Perez violated CDCR regulations by not responding to his CDCR Form 22 and thereby denying plaintiff his right to due process. That is not the same claim alleged in plaintiff's first amended complaint against defendant Perez. See Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010) (concluding that a grievance that complained of visitation restrictions, and did not mention an assault or that the visitation restriction was related to the assault, was insufficient to put prison officials on notice that staff conduct contributed to the assault). This grievance did not put prison officials on notice of the particular wrong alleged in this lawsuit which concerns claims of deliberate indifference to plaintiff's serious medical needs for his hand injury. See Reyes v. Smith, 810 F.3d 654, 659 (9th Cir. 2016) (emphasizing that "[u]nder the PLRA, a grievance 'suffices if it alerts the prison to the nature of the wrong for which redress is sought.'") (citations omitted). Therefore, even if plaintiff had pursued this administrative appeal to the third level of review, it still would not have sufficed

---

[4] Because the court has already determined that plaintiff properly exhausted his Eighth Amendment claim against defendant Orr, the court will limit its analysis of this administrative appeal to determining whether it satisfied the exhaustion requirement for the Eighth Amendment claim against defendant Perez.

to exhaust his pending federal claim against defendant Perez. Plaintiff has failed to demonstrate a dispute as to these material facts. Therefore, defendant Perez is entitled to summary judgment as a result.

**VII.   Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is recommending that your motion for a temporary restraining order be denied because the threat of physical harm or injury is too speculative. The court is also recommending that the motion for summary judgment be denied as to defendant Orr, but granted as to defendants Cooper, Nahal, Arellano, Wong, and Perez.

If you disagree with these recommendations in your case, you may explain why they are not the correct result. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations" and file it with the court within 14 days from the date of this order. The district court judge assigned to your case will review your objections and make the final decision in a written order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court amend the docket to reflect that defendant Sarah Kirkendall has changed her name to Sarah Cooper. See ECF No. 22.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion for a temporary restraining order (ECF No. 56) be denied.
2. Defendants' motion for summary judgment (ECF No. 40) be granted with respect to defendants Cooper, Nahal, Arellano, Wong, and Perez, but denied with respect to defendant Orr.
3. Defendants Cooper, Nahal, Arellano, Wong, and Perez be dismissed without prejudice based upon plaintiff's failure to exhaust the administrative remedies with respect to the claims against them.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 4, 2022

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/muha1289.msj.exhaust.docx