UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSAR EL MUHAMMAD,<br><br>          Plaintiff,<br><br>     v.<br><br>F. ORR, et al.,<br><br>          Defendants. | No.  2:19-cv-1289 KJM CKD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 7, 2022, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  The parties have filed objections to the findings and recommendations.  ECF Nos. 64, 67.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court generally finds the findings and recommendations to be supported by the record and by the proper analysis, with one exception.  As plaintiff points out in his objections, he did name defendant Cooper, formerly known as Kirkendall, in his healthcare appeal and thus exhausted his administrative

1

remedies against her.  *See* ECF No. 67 at 80.  Accordingly, the court declines to adopt the finding and recommendation that the court grant Cooper summary judgment, or that Cooper be dismissed.

The court also affirms the magistrate judge's findings and recommendations that plaintiff exhausted his administrative remedies as to defendant Orr.  Specifically, the court agrees with the magistrate judge's reading of Cal. Code Regs. tit. 15 § 3999.227(g), which requires prisoners to identify "any involved staff member" and does not limit health care grievances to health care staff only.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 7, 2022, are adopted in full, except that summary judgment is not granted as to defendant Cooper and defendant Cooper is not dismissed;

2. Plaintiff's motion for a temporary restraining order (ECF No. 56) is denied;

3. Defendants' motion for summary judgment (ECF No. 40) is granted with respect to defendants Nahal, Arellano, Wong, and Perez but denied with respect to defendant Orr;

4. Defendants Nahal, Arellano, Wong, and Perez are dismissed without prejudice based upon plaintiff's failure to exhaust the administrative remedies with respect to the claims against them; and

5. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED:  September 12, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This court previously adopted findings and recommendations suggesting that the healthcare grievance process is only for grievances against medical staff. *See Thomas v. Walters*, No. 2:18-cv-1711-KJM-DMC-P, 2022 U.S. Dist. LEXIS 4861, at *16 (E.D. Cal. Jan. 7, 2022). Upon closer review of the statutory language, the court finds that reading unduly narrow.