UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSAR EL MUHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>F. ORR, et al.,<br><br>Defendants. | No. 2:19-cv-01289-DJC-CKD P<br><br><br><br>FINDINGS & RECOMMENDATIONS |

On August 15, 2023, defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not filed an opposition to the motion despite being warned of the consequences for failing to do so and being granted an extension of time. ECF Nos. 81, 83. The extended deadline has now expired, and plaintiff has not responded to the court's order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether a dismissal is appropriate, the court considers five factors. Ferdik, 963 F.2d at 1260-61 (9th Cir. 1992). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ferdik, 963 F.2d at 1260-61 (citing

1

Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).

Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for over four years and has reached the stage, set by the court's January 17, 2023, scheduling order, for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial. See ECF No. 70. Plaintiff's failure to comply with the Local Rules and the court's Discovery and Scheduling Order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue. The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendant from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to oppose the motion does not put defendant at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendant would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).
2. Defendants' motion for summary judgment (ECF No. 79) be denied as moot.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 27, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/muha1289.msj.no.oppo

3